# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEROME TERRELL, JR.,

                Plaintiff,

v.                                       Case No. 6:21-cv-597-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

                Defendant.

_____

# OPINION AND ORDER[1]

## I.   Status

Jerome Terrell, Jr. ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a "[l]earning disability" and "[s]eizures." Transcript of Administrative Proceedings (Doc. No. 22; "Tr." or "administrative transcript"), filed August 16, 2021, at 63, 77, 93, 192. Plaintiff protectively filed an application for SSI on

---

[1]       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 21), filed August 16, 2021; Reference Order (Doc. No. 25), signed August 18, 2021 and entered August 19, 2021.

November 16, 2016, alleging a disability onset date of July 27, 1989.[2] Tr. at 166-74. The application was denied initially, Tr. at 63-76, 77-89, 90, 91, 109-11, and upon reconsideration, Tr. at 92-106, 107, 108, 116-21.

On February 13, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff (representing himself) and a vocational expert ("VE") testified. Tr. at 38-61; see also Tr. at 161 (waiver of right of representation). At the time, Plaintiff was thirty-six (36) years old. See Tr. at 48 (Plaintiff stating his date of birth). On June 6, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-19.

Thereafter, Plaintiff obtained a non-attorney representative, who sought review of the Decision by the Appeals Council and submitted a brief in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order), 31-32, 34-35 (original and duplicate appointment of representative documents), 163-65 (request for review), 273-74 (brief). On March 16, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On April 5, 2021, Plaintiff commenced this action, through counsel, under 42 U.S.C. § 405(g), as

_____

[2]     Although actually filed on January 11, 2017, see Tr. at 166, the protective filing date for the SSI application is listed elsewhere in the administrative transcript as November 16, 2016, see, e.g., Tr. at 63, 77, 93.

incorporated by § 1383(c)(3), by timely[3] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises "[w]hether the ALJ erred by failing to include limitations opined by the State Agency's psychological consultants in the [residual functional capacity ('RFC')] finding, or explain their exclusion, resulting in a step 5 decision that is not supported by substantial evidence." Joint Memorandum (Doc. No. 29; "Joint Memo"), filed December 21, 2021, at 6 (emphasis omitted).[4] After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[3]      The Appeals Council granted Plaintiff's request for an extension of time to file a civil action. Tr. at 25.

[4]      Plaintiff sought and received permission to reply to Defendant's arguments (Doc. Nos. 30, 31), but he then elected not to file a reply (Doc. No. 32).

[5]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-18. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 16, 2016, the application date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: a seizure disorder and intellectual disorder." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can

occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. [Plaintiff] can never operate a motor vehicle as part of his work duties. He can have no exposure to hazards, such as unprotected heights and moving machinery. He can perform simple, routine and repetitive tasks, but not at a production rate pace (no fast-paced, quota-drive assembly line work). He can make simple work-related decisions. He can have occasional interaction with coworkers, supervisors and the general public. He can work with occasional changes in the work setting.

Tr. at 15 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 17 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("34 years old . . . on the date the application was filed"), education ("limited"), lack of relevant work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 17 (emphasis and citations omitted), such as "floor waxer," "laundry worker," and "trimmer," Tr. at 18. The ALJ concluded Plaintiff "has not been under a disability . . . since November 16, 2016, the date the application was filed." Tr. at 18 (emphasis and citation omitted).

## III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir.

2001) (citing <u>Falge v. Apfel</u>, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S.Ct. 1148, 1154 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in assigning great weight to opinions of three non-examining psychological consultants and then purportedly failing to incorporate all aspects of their opinions in the RFC. Joint Memo at 9-12. At issue are the opinions of Sheri Tomak, Psy.D, Sharon Ames-Dennard, Ph.D, and

Lawrence Annis, Ph.D. <u>See</u> <u>id.</u> According to Plaintiff, "the ALJ did not include the limitations to 'simple one and two-step tasks' offered by Dr. Ames-Dennard, or Dr. Annis's limitation that he may require 'special supervision' for both sustaining ordinary routine and when working on some new and multi-step assignments and that he would 'benefit from working with a nonconfrontational supervisor.'" <u>Id.</u> at 9-10 (quoting Tr. at 87, 103-04). As to Dr. Tomak, aside from mentioning the assignment of great weight to the opinion and summarizing its contents, Plaintiff does not point to any specific limitations that the ALJ allegedly did not include in the RFC. <u>See</u> <u>id.</u> at 3-4, 9-12. [6] Responding, Defendant contends the ALJ is not required to incorporate verbatim the same language employed by the experts giving the opinions. <u>Id.</u> at 15. Further, Defendant argues the ALJ adequately incorporated all of the limitations that the experts imposed. <u>Id.</u> at 15-20.

---

[6]     Plaintiff includes in his argument section that he was unrepresented during the hearing, contends the ALJ thus had a heightened duty to develop the record, and asserts the case must be viewed against this backdrop. Joint Memo at 7. The parties disagree on the standards that apply when a Plaintiff validly waives representation at the hearing stage. <u>Compare</u> <u>id.</u> at 7, <u>with</u> <u>id.</u> at 21. Regardless, Plaintiff has not even attempted to show prejudice or evidentiary gaps as a result of his being unrepresented at the hearing, so any argument about the ALJ's duty to develop the record necessarily fails. <u>See</u> <u>Henry v. Comm'r of Soc. Sec.</u>, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting <u>Brown v. Shalala</u>, 44 F.3d 931, 935 (11th Cir. 1995)) (remand is appropriate if "the record reveals evidentiary gaps which result in unfairness or clear prejudice").

"Medical opinions[7] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[8]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of

---

[7]    On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed his claim before that date, the undersigned cites the older Rules and Regulations (that are applicable to the date the claim was filed).

[8]    For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5); see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v.

Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the opinions at issue are from non-examining psychological consultants. As to Dr. Tomak's opinion, the ALJ assigned it "great weight

because it is consistent with the evidence showing moderate limits within the paragraph B criteria." Tr. at 16 (citations omitted). Since Plaintiff does not raise any specific points of error regarding any portions of this opinion that were not incorporated into the RFC, it need not be addressed any further.

As to Dr. Ames-Dennard's opinion, the ALJ assigned it "great weight because it is supported by the psychological consultative examination." Tr. at 16 (citation omitted).   Plaintiff contends the ALJ failed to include Dr. Ames-Dennard's assigned limitation of "simple one and two-step tasks." Joint Memo at 10 (citing Tr. at 87). But, Dr. Ames-Dennard did not find that Plaintiff had such a limitation. Instead, she found Plaintiff "not significantly limited" in "the ability to carry out very short and simple instructions"; "capable of understanding and recalling simple instructions"; and "capable of . . . understand[ing] and remember[ing] simple one and two-step task[s]." Tr. at 87-88 (some capitalization omitted). These findings are not inconsistent with the ALJ's assigned RFC abilities to "perform simple, routine and repetitive tasks, but not at a production rate pace" and to "make simple work-related decisions." Tr. at 15.

As to Dr. Annis's opinion, the ALJ assigned it "great weight because it is also supported by the consultative examiner[']s clinical observations." Tr. at 16. Plaintiff contends the ALJ failed to account for the following assigned limitations: "he may require 'special supervision' for both <u>sustaining ordinary</u>

<u>routine</u> and when working on some new and multi-step assignments' and that he 'would benefit from working with a nonconfrontational supervisor.'" Joint Memo at 10 (emphasis added, quoting Tr. at 103-04). But, Plaintiff has not accurately characterized Dr. Annis's opinion as to the first limitation (special supervision). Dr. Annis actually wrote: "Additional supervision may be required <u>when working on some new</u> and multi-step assignments." Tr. at 104 (emphasis added). Special supervision for sustaining ordinary routine is quite a bit different than special supervision when working on some new and multi-step assignments. In any event, as to both the "supervision" and the "nonconfrontational supervisor" comments, Dr. Annis used the "may" qualifier, evincing that he did not intend an absolute restriction. The ALJ did not err by electing not to include these verbatim restrictions in the RFC, instead including that Plaintiff should have "occasional interaction with . . . supervisors" and "occasional changes in the work setting." Tr. at 15.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 7, 2022.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record